UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

CALVIN C. WILLIAMS,

Plaintiff,

-against-

JP MORGAN CHASE BANK, N.A., et al.,

Defendants.

-----------------------------------x

**MEMORANDUM & ORDER**
26-CV-2296 (EK)(MJ)

ERIC KOMITEE, United States District Judge:

Currently before the Court is Williams's motion for a preliminary injunction. *See* ECF No. 29. The Court presumes familiarity with the procedural and factual background of this case, some of which is set forth in the Court's prior order on the motion for a temporary restraining order. *See* Mem. & Order 1, ECF No. 30. With the benefit of briefing, Williams's motion is denied.

Defendant JPMorgan Chase Bank, N.A. ("Chase") argues that the Court cannot enjoin it because Williams "has failed to serve [it] with the Summons and Complaint despite this Court requiring him to do so by July 16, 2026." Resp. to OSC 2, ECF No. 31. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006). And a "court

must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against him." *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 59 (2d Cir. 1981).

Here, Chase sets forth in its declaration that it has not been served with the summons and complaint. Resp. to OSC, Ex. A ¶ 5. And Williams's own notice of service lists the date of service on Chase as "TBD." Notice of Process Service, ECF No. 17. Williams acknowledges the service dispute in his motion papers for the preliminary injunction but says that "this application does not assume those issues have been resolved." Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. 2, ECF No. 29. As such, Williams has not "adequately establish[ed] that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits." *Visual Scis.*, 660 F.2d at 59. Thus, preliminary relief cannot issue against Chase.

As to the remaining defendants, the request for a preliminary injunction is denied for the reasons stated in the Court's order denying a temporary restraining order. Williams does not dispute that he is in default, and he does not contend that he lacked reasonable notice of the sale or that any aspect of it is commercially unreasonable. *See* Mem. & Order 2.

Accordingly, he has not established a likelihood that he will succeed on the merits of his case, as he must. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 6, 2026
Brooklyn, New York